UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTOINETTE MATHIS | CIVIL ACTION |
| VERSUS | NO: 18-10100 |
| GARRISON PROPERTY & CAS. INS. CO., ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion to Strike Motion to Exclude and First Motion in Limine** (Rec. Doc. #26) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **First Motion in Limine** (Rec. Doc. #22) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Second Motion in Limine** (Rec. Doc. #23) is **GRANTED in part** and **DENIED in part**, and testimony regarding the medical necessity of treatment is admissible to the extent allowed herein. Evidence of plaintiff's attorney's physician referral is admissible to the extent it addresses possible bias;

**IT IS FURTHER ORDERED** that plaintiff's **Motion to Exclude Expert Testimony Under Rule 702** (Rec. Doc. #24) is **DENIED**.

## BACKGROUND

On May 22, 2019, plaintiff filed three motions: (1) a first motion *in limine*, seeking to exclude defendants' expert, Dr. DeFrancesch, for failure to comply with Rule 26; (2) a second motion *in limine*, seeking to regulate evidence and argument; and (3) a Daubert motion, seeking

to exclude defendants' expert under Rule 702. Defendants countered by filing a motion to strike the first motion in limine and the Daubert motion, contending that they were untimely filed.

## DISCUSSION

**Motion to Strike & First Motion *in Limine***

The Scheduling Order in the instant case provides, in pertinent part, "All pretrial motions, **including motions *in limine* regarding the admissibility of expert testimony**, shall be filed and served in sufficient time to permit a submission date no later than **MAY 22 2019**. All motions filed in violation of this Order shall be deemed waived unless good cause is shown." Rec. Doc. 9. Plaintiff's counsel has responded that it misconstrued the order, mistakenly concluding that its motions had to be filed by May 22, 2019, rather than filed in time to be heard on that date (i.e., by May 7, 2019).

Subsequent to the filing of plaintiff's first motion *in limine* to exclude defendants' expert, Dr. DeFrancesch, for failure to comply with Rule 26 – which was defendants' first notice from plaintiff's counsel of the oversight – defendants provided plaintiff's counsel with the missing information, which included Dr. DeFrancesch's qualifications, a list of all other cases in which he has testified, and a statement of the compensation to be paid for this case. Accordingly, both parties were late: defendants' in making their Rule 26 disclosure, and plaintiff in filing her evidentiary motions. On these facts, the court finds that the late providing of the materials in question was harmless, and declines to exclude Dr. DeFrancesch's testimony on that basis. See FED. R. CIV. P. 37(c)(1). By the same token, the court will not penalize plaintiff by striking her motions due to the misunderstanding of the filing deadline, because there is no prejudice to

2

defendants in the court's entertaining them. Accordingly, defendants' Motion to Strike Motion to Exclude and First Motion *in Limine* (Rec. Doc. #26) is denied, and plaintiff's First Motion *in Limine* (Rec. Doc. #22) is denied.

**Second Motion *In Limine***

In her second motion *in limine*, plaintiff seeks to prohibit defense counsel from (1) arguing the lack of necessity or excessiveness of cost of any medical treatment, (2) introducing testimony that her attorneys referred her to her doctor, (3) introducing testimony that her medical bills have been paid or guaranteed by anyone, and (4) prohibiting defense counsel from arguing an adverse inference is applicable in response to plaintiff's failure to call all of her treating physicians to testify. Defendants do not oppose items three and four, so to that extent the motion is granted as unopposed.

With respect to the issue of the necessity of medical treatment, "a plaintiff may recover past medical expenses incurred due to injury. However, the plaintiff bears the burden of proving that, more probably than not, the medical treatment was necessitated by trauma suffered in the accident." Simon v. Lacoste, 918 So. 2d 1102, 1104 (La. App. 2005) (internal quotations omitted). "To recover past medical expenses, a plaintiff must show, through medical testimony, both the existence of the injury and a causal connection between the injuries and the incident or accident of which plaintiff complains." Burrell v. Williams, 938 So. 2d 694, 699 (La. App. 2006) (citation omitted). Accordingly, the fact issue before the jury will be whether the treatment was necessary due to the accident and injury sued upon.

The defense challenges whether some of the treated injuries were caused by the accident.

3

However, at this pre-trial juncture, the court cannot anticipate whether the evidence will establish whether a specific treatment was unrelated to the accident. Accordingly, a ruling on this aspect of the motion would be premature.

Plaintiff also seeks a ruling that the court exclude any reference to the fact that the plaintiff was referred to her doctor by her attorney, suggesting that such a reference is irrelevant and would "play into anti-lawyer prejudice." A court in the Middle District has considered the same argument. See Feagins v. Wal-Mart Stores, Inc., 2017 WL 8944098, at *2 (M.D. La. Sept. 20, 2017). As in the present case, defense counsel in Feagins argued that their intent was not to introduce anti-lawyer or anti-lawsuit evidence, but that "[t]he fact that plaintiff's attorneys referred her to her treating physician is pertinent to the jury's ability to evaluate the truthfulness, accuracy, and credibility of the testimony presented by the plaintiff at trial. Id. (internal quotations omitted). As in the present case, the defense argued that "[e]vidence of the treating physician's relationship with Plaintiff's counsel, and the evidence of Plaintiff's counsel's referral to the treating physician, is critical to the jury's ability to evaluate whether the treating physician is biased or has some interest in the outcome of Plaintiffs' claim." Id. (internal quotations omitted). The court found that "the referral of Plaintiff by her lawyer to a physician and/or evidence of an ongoing referring relationship of counsel with that physician is relevant on the issue of possible bias and is therefore admissible." Id.

This court agrees that evidence of plaintiff's referral to her doctors by her attorneys physician is relevant as to the question of possible bias, and is thus admissible. However, as noted by the court in Feagins, anti-lawyer and anti-lawsuit evidence is undisputably irrelevant

4

and inadmissible, and will not be allowed.

## *Daubert* **Motion**

Plaintiff has moved to exclude defendants' expert, Dr. DeFrancesch, as unreliable under Federal Rule of Evidence 702. That rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

In her motion, plaintiff specifically takes issue with Dr. DeFrancesch's qualifications, arguing that his report opines on matters outside his own specialty, and he has made no showing that he is qualified to opine on this subject. Plaintiff further argues that Dr. DeFrancesch's opinion on plaintiff's diagnosis and treatment is unreliable because he never examined plaintiff. Finally, plaintiff contends that Dr. Francesch's expert testimony will not assist the trier of fact in resolving the issues before it.

With respect to the question of Dr. DeFrancesch's qualifications, the record reflects that Dr. DeFrancesch is a board certified practitioner of Physical Medicine & Rehabilitation, Pain Medicine, and Spinal Court Injury. According to the American Board of Medical Specialties, as a board-certified specialist in Physical Medicine and Rehabilitation, he is qualified to evaluate

5

and treat patients with physical and/or cognitive impairments and disabilities that result from musculoskeletal conditions, neurological conditions, or other medical conditions.[1] He is also board-certified in Pain Medicine, to diagnose and treat patients with acute, chronic, and/or cancer pain, as well as Spinal Cord Injury Medicine, to evaluate and manage patients with spinal cord injuries caused by trauma or from medical conditions.[2] Accordingly, the court finds that Dr. DeFrancesch's credentials qualify him to opine on the matters in his report.

With respect to plaintiff's contention that Dr. DeFrancesch should not be allowed to testify because he did not examine the patient, "[n]umerous courts have held that an expert witness need not personally examine a plaintiff in rendering his opinion. Mendoza v. Lafarge N. Am., Inc., 2016 WL 153952, at *3 (E.D. La. Jan. 13, 2016) (citing Carroll v. Morgan, 17 F.3d 787, 790 (5th Cir. 1994) (holding that doctor was qualified under Daubert to give an expert opinion as to causation based on his review of plaintiff's medical records, the coroner's records, and a broad spectrum of published materials); Walker v. Soo Line R. Co., 208 F.3d 581, 591 (7th Cir. 2000) (admitting opinion testimony from a physician who performed a records review without an examination, noting that "[t]he lack of an examination...does not render [the physician's] testimony inadmissible"); Sementilli v. Trinidad Corp., 155 F.3d 1130, 1134 (9th Cir. 1998) (admitting expert testimony of physician who had not personally examined the plaintiff, noting that the physician's opinions and inferences "were based on his review of [the

---

[1] https://www.abms.org/member-boards/contact-an-abms-member-board/american-board-of-physical-medicineand-rehabilitation.

[2] Id.

plaintiff's] medical records, as well as his knowledge, experience, training and education."); Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 807 (3d Cir. 1997) (explaining that in the context of medical testimony, "it is perfectly acceptable, in arriving at a diagnosis, for a physician to rely on examinations and tests performed by other medical practitioners" and the fact that the physician did not himself perform a physical examination does not necessarily diminish his opinion); Woods v. Abrams, 2008 WL 4950149, at *1 (W.D. Pa. Nov. 17, 2008) ("The case law is clear that an expert witness need not personally examine a plaintiff, and that an examination of the pertinent medical records is 'perfectly acceptable.'")).

Rather, "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 562 (5th Cir. 2004)(citations omitted). "It is the role of the adversarial system, not the court, to highlight weak evidence," through vigorous cross-examination. Id. (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Accordingly, the fact that Dr. DeFrancesch did not personally examine plaintiff does not require that he be excluded as a witness.

Plaintiff also seeks to exclude Dr. DeFrancesch's testimony on the basis that it will not help the trier of fact resolve a fact in issue. Specifically, plaintiff contends that Dr. DeFrancesch's report is directed to the validity of the treatment rendered by plaintiff's treating physician, Dr. Zavatsky, and suggests that certain procedures were unnecessary. As such, this argument relates to plaintiff's second motion in *limine* argument regarding testimony concerning necessity of plaintiff's treatment. As plaintiff contends, much of Dr. DeFrancesch's report takes issue with the

propriety of the treatment provided by plaintiff's treating physician, Dr. Zavatsky. Therefore, to the extent there is a fact issue regarding whether Dr. Zavatsky's treatment addressed an injury sustained by plaintiff in the sued upon accident, it is potentially relevant. Thus, it is admissible.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion to Strike Motion to Exclude and First Motion in Limine** (Rec. Doc. #26) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **First Motion in Limine** (Rec. Doc. #22) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Second Motion in Limine** (Rec. Doc. #23) is **GRANTED in part** and **DENIED in part** as set forth herein;

**IT IS FURTHER ORDERED** that plaintiff's **Motion to Exclude Expert Testimony Under Rule 702** (Rec. Doc. #23) is **DENIED**.

New Orleans, Louisiana, this 28th day of June, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**