# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ANTOINETTE MATHIS | CIVIL ACTION |
|---|---|
| VERSUS | NO: 18-10100 |
| GARRISON PROP. & CAS. INS. CO., ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion in Limine #3** to Exclude Dr. DeFrancesch for Failure to Comply with Rule 26 (Rec. Doc. 53) is **DENIED as moot;**

**IT IS HEREBY ORDERED** that plaintiff's **Motion in Limine #4** to Prevent Improper Evidence and Argument (Rec. Doc. 54) is **DENIED as premature**.

## BACKGROUND

Before the court are two motions in limine filed by plaintiff, a motion in limine to exclude Dr. DeFrancesch for failure to comply with Rule 26 (Rec. Doc. 53), and a motion in limine to prevent improper evidence and argument (Rec. Doc. 54). Counsel for plaintiff has informed the court that his third motion in limine has been resolved. Accordingly, it is denied as moot.

Plaintiffs fourth motion in limine seeks to prevent the introduction at trial of any evidence or argument on Dr. Zavatsky's employment history, and the fact that Antoinette Mathis served as a surrogate mother, received medical care at Planned Parenthood, and is a Medicaid recipient.

Defendants oppose arguing that with respect to testimony regarding Dr. Zavatsky's employment history, it is premature, because it is based entirely on speculation as to what defendants may cross-examine Dr. Zavatsky on at trial. They also contend that Dr. Zavatsky's employment history is relevant to his qualifications as an expert.

With respect to evidence concerning plaintiff's status as a surrogate mother, Planned Parenthood, and Medicaid, defendants contend they have no intention to raise those facts, but do not want to limit themselves if those issues are raised on direct examination by plaintiff's counsel. Defendants request that this portion of the motion also be denied as premature, subject to the understanding that the parties will seek to reach a stipulation in relation to these matters.

Having considered the record, the memoranda of counsel, and applicable law, the court finds that the motion should be denied as premature, to be considered if necessary in the context of trial. The parties are further directed to reach a stipulation concerning plaintiff's status as a surrogate mother, Planned Parenthood, and Medicaid, prior to the trial of this matter.

New Orleans, Louisiana, this 23rd day of August, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**